UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATEO CARRILLO,

Plaintiff,

-against-

BUENROSTRO SERVICES CORP. d/b/a and/or known as BUENROSTRO GENERAL LANDSCAPING and ALFREDO BUENROSTRO, individually,

Defendants.

Case No.:

**COMPLAINT**

Plaintiff Mateo Carrillo, by and through his attorneys, Sacco & Fillas, LLP, alleges as follows:

## 1. Preliminary Statement

1. Plaintiff brings this action to recover unpaid minimum wages, overtime wages, spread-of-hours pay, unpaid wages, unreimbursed expenses, statutory damages, liquidated damages, retaliation damages, attorneys' fees, costs, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL").

## 2. Jurisdiction and Venue

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants operated in this District, Plaintiff worked in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## 3. Parties

5. Plaintiff Mateo Carrillo is an individual residing in Yonkers, New York.

6. Defendant Buenrostro Services Corp. d/b/a and/or known as Buenrostro General Landscaping is a New York domestic business corporation operating and/or participating in the same landscaping and construction business from 81 Franklin Avenue, New Rochelle, New York.

7. Upon information and belief, the corporate Defendant was a joint employer, integrated enterprise, and/or operated under common ownership, management, control, employees, equipment, locations, and business purpose.

8. Defendant Alfredo Buenrostro is an owner, operator, manager, principal, and/or control person of the business.

9. Alfredo Buenrostro hired Plaintiff, scheduled Plaintiff, directed Plaintiff's work, told Plaintiff when to report to and leave work, paid Plaintiff, and controlled Plaintiff's employment.

10. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

**4. <u>FLSA Coverage</u>**

11. At all relevant times, Defendants operated a landscaping and construction business.

12. Defendants employed approximately eight to nine workers.

13. Defendants' employees, including Plaintiff, regularly handled, transported, loaded, unloaded, installed, maintained, and/or worked with trucks, fuel, tools, machinery, equipment, construction materials, landscaping materials, plants, soil, stone, pavers, cement, supplies, parts, and other goods and materials that moved in interstate commerce.

14. Upon information and belief, Defendants, jointly and/or through their integrated landscaping and construction enterprise, had annual gross sales or business volume of at least $500,000.00 during the relevant period, including based on Defendants' multiple workers, multiple job sites, landscaping/construction operations, use of trucks and equipment, and cash-payment practices.

**5. <u>Factual Allegations</u>**

15. Plaintiff worked for Defendants from approximately March 2022 through approximately December 2024.

16. Plaintiff generally worked from approximately March through late December each year and did not work during approximately January and February.

17. Plaintiff performed construction work for Defendants' landscaping/construction business.

18. Plaintiff worked at job sites in Yonkers, Mount Vernon, New York City, and other locations.

19. Plaintiff generally worked Monday through Saturday.

20. Plaintiff generally worked from approximately 7:30 a.m. to 6:00 p.m.

21. Plaintiff generally received approximately a 30-minute daily break.

22. Plaintiff therefore generally worked approximately 60 hours per week.

23. Plaintiff's workdays regularly exceeded 10 hours from beginning to end.

24. Plaintiff occasionally missed work, including approximately four to five Mondays in 2024.

25. In approximately 2022, Defendants paid Plaintiff approximately $120.00 per day in cash.

26. In approximately 2023, Defendants paid Plaintiff approximately $140.00 per day in cash.

27. In approximately 2024, Defendants paid Plaintiff approximately $150.00 per day in cash.

28. Defendants did not pay Plaintiff one and one-half times his regular rate for hours worked over 40 in a workweek.

29. Defendants did not pay Plaintiff the applicable New York minimum wage for all hours worked.

30. Defendants did not pay Plaintiff spread-of-hours pay for workdays exceeding 10 hours.

31. Defendants did not provide Plaintiff with wage statements.

32. Defendants did not provide Plaintiff with any wage notice identifying his rate of pay, overtime rate, payday, employer name, or other required information.

33. Defendants did not provide Plaintiff with wage notices in Spanish, Plaintiff's primary language, and did not provide Plaintiff with wage statements at all.

34. Defendants' failure to provide wage notices and wage statements caused Plaintiff actual and concrete injury.

35. Because Defendants did not provide Plaintiff with wage notices or wage statements, Plaintiff was not provided contemporaneous written information identifying his correct legal employer, rate of pay, overtime rate, hours worked, gross wages, deductions, allowances, payday, or the basis for his cash payments.

36. As a result, Plaintiff was unable to determine during his employment whether Defendants were paying him all wages owed, including minimum wages, overtime wages, spread-of-hours pay, and all earned wages.

37. The absence of wage notices and wage statements also impaired Plaintiff's ability to identify and challenge Defendants' underpayments in real time, to determine the precise amounts owed, and to seek full payment before additional wages accrued unpaid.

38. Because Defendants paid Plaintiff in cash and did not provide wage statements or maintain a lawful timekeeping system, Plaintiff was forced to reconstruct his hours, rates, payments, and underpayments after the fact from memory and other limited information.

39. Defendants' failure to provide required wage notices and wage statements therefore caused and contributed to Plaintiff's delayed ability to verify, calculate, assert, and recover unpaid wages, including overtime wages, spread-of-hours pay, minimum wages, and approximately $4,500.00 to $4,800.00.

40. Defendants did not maintain or use a lawful timekeeping system for Plaintiff's hours.

41. Plaintiff did not see any posted notice regarding minimum wage or overtime laws.

42. Defendants required Plaintiff to purchase work-related items, including gloves and boots.

43. Plaintiff spent approximately $15.00 on gloves and approximately $110.00 on boots.

44. Upon information and belief, Defendants did not reimburse Plaintiff for those required work expenses.

45. Defendants failed to pay Plaintiff approximately $4,800.00 in earned wages, representing approximately five weeks of work.

46. Plaintiff requested payment of wages owed.

47. Shortly after Plaintiff requested payment of his earned wages, Defendants stopped assigning him work and/or terminated his employment because he complained about and requested payment of wages owed.

48. Defendants' violations were willful.

49. Defendants knew or should have known their wage-and-hour obligations.

## 6. Causes of Action

### 6.1. FLSA Overtime and Unpaid Minimum Wages for Unpaid Workweeks

50. Plaintiff repeats and realleges all prior paragraphs.

51. Defendants were Plaintiff's employers under the FLSA.

52. Plaintiff regularly worked more than 40 hours per workweek.

53. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked over 40 in a workweek.

54. To the extent Defendants failed to pay Plaintiff any wages for workweeks worked, Defendants also failed to pay Plaintiff the federal minimum wage for those workweeks.

55. Defendants' violations were willful.

56. Plaintiff is entitled to recover unpaid wages, unpaid overtime, liquidated damages, attorneys' fees, costs, interest, and all other relief permitted by law.

**6.2. <u>NYLL Minimum Wage and Overtime Violations</u>**

57. Plaintiff repeats and realleges all prior paragraphs.

58. Defendants were Plaintiff's employers under the NYLL.

59. Defendants failed to pay Plaintiff the applicable New York minimum wage for all hours worked.

60. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate for hours worked over 40 in a workweek.

61. Plaintiff is entitled to recover unpaid minimum wages, unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other relief permitted by law.

**6.3. <u>NYLL Spread-of-Hours Violations</u>**

62. Plaintiff repeats and realleges all prior paragraphs.

63. Plaintiff regularly worked days where the interval between the beginning and end of his workday exceeded 10 hours.

64. Defendants failed to pay Plaintiff one additional hour of pay at the applicable minimum wage rate for each such day.

65. Plaintiff is entitled to recover unpaid spread-of-hours pay, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other relief permitted by law.

### 6.4. NYLL Unpaid Wages and Unreimbursed Expenses

66. Plaintiff repeats and realleges all prior paragraphs.

67. Defendants failed to pay Plaintiff all earned wages, including approximately $4,800.00 in unpaid wages.

68. Defendants required Plaintiff to purchase work-related items for Defendants' benefit and failed to reimburse him.

69. Defendants' failure to pay all earned wages and failure to reimburse required expenses violated the NYLL and applicable regulations.

70. Plaintiff is entitled to recover unpaid wages, unreimbursed expenses, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other relief permitted by law.

### 6.5. NYLL Wage Notice and Wage Statement Violations

71. Plaintiff repeats and realleges all prior paragraphs.

72. Defendants failed to provide Plaintiff with a proper wage notice at the time of hiring as required by NYLL § 195(1).

73. Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3).

74. Defendants' failure to provide required wage notices and wage statements caused Plaintiff actual and concrete injury, including by depriving him of contemporaneous written information necessary to identify his correct legal employer, understand and verify his pay terms, determine whether he was being paid all wages owed, challenge underpayments in real time, and timely seek full payment of minimum wages, overtime wages, spread-of-hours pay, and earned wages.

75. Plaintiff is entitled to statutory damages, attorneys' fees, costs, and all other relief permitted by law.

### 6.6. Retaliation Under the FLSA and NYLL

76. Plaintiff repeats and realleges all prior paragraphs.

77. Plaintiff engaged in protected activity by requesting payment of wages owed.

78. Defendants knew Plaintiff had requested payment of wages owed.

79. Defendants terminated Plaintiff because he requested payment of wages owed.

80. Defendants' conduct violated the anti-retaliation provisions of the FLSA and NYLL.

81. Plaintiff is entitled to recover lost wages, liquidated damages, compensatory damages, punitive damages to the extent permitted by law, attorneys' fees, costs, interest, and all other relief permitted by law.

## 7. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. unpaid minimum wages;

B. unpaid overtime wages;

C. unpaid spread-of-hours pay;

D. unpaid earned wages;

E. unreimbursed expenses;

F. statutory damages and other available relief for wage notice and wage statement violations that caused Plaintiff actual and concrete injury;

G. retaliation damages;

H. liquidated damages;

I. prejudgment and post-judgment interest;

J. attorneys' fees and costs; and

K. such other and further relief as the Court deems just and proper.

**8. Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 25, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com